UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

James E. Rand

    v.                                              Civil No. 04-cv-382-JD

Merrimack County Department
of Corrections, et al.

**O R D E R**

Defendant moves to compel further interrogatory answers and document production. Plaintiff objects. They are considered in order.

No. 1 – Residential addresses for the last ten years.

Denied. Defendant has not shown any relevance to the claim at issue.

Nos. 2, 6 and 10 – Medical providers.

Plaintiff's claim relates to a failure to properly treat a torn rotator cuff injury received in a February 13, 2004 accident on the basis that surgery was expensive and that it pre-existed incarceration. No. 2 relates to primary care physicians since age 18 which is of no relevance – denied. No. 6 relates to medical providers since his February incarceration. Plaintiff responded by referring defendants to his MCHC medical records. That is an appropriate answer under Fed. R. Civ. P. 33(d) –

denied.  Interrogatory no. 10 is not relevant to the claim – denied.

    Nos. 3, 4 and 17 – <u>Criminal history, civil suits and penal history</u>.

    Defendants baldly assert that "the requested information is discoverable in any civil action, and particularly relevant to this case."  No. 3 is so far beyond the ambit of potential Fed. R. Evid. 609 impeachment as to be improper and harassing – denied.  Defendants' bald assertion does not suffice to establish any relevance to 4 and 17 – denied.

    No. 5 – <u>Non-privileged people with whom plaintiff has discussed his allegations</u>.

    This could lead to admissible evidence – granted.

    No. 7 – <u>All medical claims untreated</u>.

    This is silly.  The complaint and my order clearly limit the suit to his shoulder injury.  Without an amendment to the complaint that is the only untreated medical condition at issue in this case.  Denied.

    No. 8 – <u>All grievances</u>.

    This is again silly.  Defendants have all of his grievances. Look at them.  Denied.

No. 9 – <u>Injuries during incarceration</u>.

Plaintiff's Rule 33(d) response is adequate.

No. 11 – <u>Employment background</u>.

If lost wages or earning capacity were at issue this interrogatory would be relevant.  They are not.  Denied.

No. 13 – <u>Outside medical</u>.

To the extent any outside physician provided care or diagnosis (oral or written) not documented in plaintiff's MCHC medical records, plaintiff is to answer.  Granted.

Nos. 14, 15 and 19 – <u>Trial witnesses and evidence</u>.

Defendants claim these are standard.  It is not clear what world it is where they are standard.  In ten (10) years on this job I have never required answers to these questions.  Defense counsel is aware that experts need not be identified until January 1, 2006 (document no. 27, p.2) and that witnesses and exhibits are not due until 10 days before the final pretrial (document no. 27, p.3).  Denied.

Nos. 12 and 16 – <u>Dates and manner of deliberate indifference</u>.

It is appropriate for plaintiff to specify these items from his review of the records.  Granted.

3

No. 19 – <u>Notice of X-ray</u>.

Plaintiff's Rule 33(d) response is appropriate.

No. 20 – <u>Discussions with Moyer</u>.

Using his medical records to refresh his recollection plaintiff is ordered to provide an answer.

The motion (document no. 30) is granted in part and largely denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 1, 2005

cc:   James E. Rand, *pro se*
      John A. Curran, Esq.
      Michael A. Pignatelli, Esq.