UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

James E. Rand

     v.                                Civil No. 04-cv-382-JD

Merrimack County Department
of Corrections, et al.

O R D E R

James E. Rand, proceeding pro se, brought a civil rights
action under 42 U.S.C. § 1983, alleging that the defendants
failed to provide him necessary medical care and were
deliberately indifferent to his serious medical needs.  Rand
represents that he propounded requests for admissions to
defendants, Superintendent Carole Anderson and Assistant
Superintendent Richard Doucet, on June 8, 2005 and received their
responses on July 8, 2005.  Thereafter, he communicated with
Anderson's and Doucet's counsel concerning his belief that the
responses were insufficient, but the defendants refused to
provide any further responses.

On August 23, 2005, Rand filed "Motion for Judgment on
Defendants Carole Andersons and Richard Doucets [sic] Answer to
Admissions."  In that motion, Rand challenged the sufficiency of
Anderson's and Doucet's answers and asked the court to deem the
challenged answers as admissions.  The defendants filed their

objection on September 19, 2005, and filed a motion for late entry of their objection the next day.  Counsel for the defendants explains that he thought the motion was "dispositive" so that he would have thirty days to file the defendants' response.  Contrary to counsel's belief, only responses to motions for summary judgment are given thirty days, while all other objections, whether or not the motion is "dispositive," must be filed within ten days.  LR 7.1(b).  Therefore, the defendants' response is untimely unless Rand's motion sought summary judgment.

While Rand's motion might be open to several interpretations, in the main, Rand is seeking to compel more complete responses to his requests for admissions or sanctions for the asserted incomplete responses he received.  Under Federal Rule of Civil Procedure 36(a), Rand "may move to determine the sufficiency of the answers or objections" to his requests for admissions.  Sanctions for a party's failure to admit in response to a request under Rule 36(a) are provided in Federal Rule of Civil Procedure 37(c)(2).

The court cannot evaluate the sufficiency or insufficiency of the defendants' responses to Rand's requests for admissions under Rule 36(a), however, without a copy of the requests for admissions and the defendants' responses.  Therefore, the

2

defendants' untimely response to the motion does not prejudice Rand.  Rand may file a new motion under Rule 36(a) with a copy of the requests for admissions that he sent to the defendants and a copy of the responses he received.  In that motion, he will again point out the deficiencies he finds in the defendants' responses. The court cannot rely on Rand's representation of what the requests for admissions asked or what the defendants' responses were but must review the actual requests and responses themselves.

### Conclusion

For the foregoing reasons, the defendants' motion to make a late filing (document no. 39) is granted.  The plaintiff's motion for judgment (document no. 36) is denied without prejudice to file a properly presented and supported motion under Rule 36(a).

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

October 6, 2005

cc:  James A. Curran, Esquire
     Michael A. Pignatelli, Esquire
     James E. Rand, pro se

3