```
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

James E. Rand

    v.                              Civil No. 04-cv-382-JD

Merrimack County Department
of Corrections, et al.


O R D E R

    James E. Rand, who is proceeding pro se, brought a civil rights action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him necessary medical care and were deliberately indifferent to his serious medical needs.  Rand propounded requests for admissions to two of the defendants, Superintendent Carole Anderson and Assistant Superintendent Richard Doucet, and received their responses on July 8, 2005.  He then communicated with the defendants' counsel, expressing his belief that the responses were inadequate.

    When no further responses were provided, Rand filed a motion for judgment based on the defendants' responses to his requests for admissions.  The court denied the motion without prejudice, explaining that despite the title of the motion Rand was seeking to compel more complete responses and that in the absence of a copy of the requests and responses the court could not evaluate the sufficiency of the defendants' responses.  Rand has filed a

second motion for judgment, which again appears to challenge the sufficiency of the defendants' responses, this time with copies of the pertinent documents. He seeks the sanction of deeming his requests to be admitted. The defendants object to the motion.

A party may move to have a request be deemed admitted on the ground that the response does not comply with the requirements of the rule. Fed. R. Civ. P. 35(a). Here, Rand challenges the accuracy of the defendants' responses. As such, he does not seek more complete answers but instead attempts to show that the defendants' responses are contradicted by other evidence that he has provided in support of his motion. The truth of the statements cannot be determined based on the present record. If, in the course of this case, Rand is able to prove facts of substantial importance to his case for which he sought admissions that were denied by the defendants and the other elements of Rule 37(c)(2) are met, he may again move for sanctions.

That said, however, some of the defendants' responses are insufficient on their face and are addressed as follows. Request number six asked the defendants to admit that the documents they provided to Rand on April 12, 2005, and May 2, 2005, are authenticated. The defendants objected but also answered: "the defendants indicate that true copies of plaintiff's inmate and medical files were provided to him (bates stamped) as part of

discovery and supplements will be hereafter provided." That response is deemed to mean that the copies of Rand's inmate and medical files that the defendants have provided to him, along with other parts of the record they may in the future provide, which are bates stamped, are genuine accurate copies of those records and do not need further authentication.

Request number thirteen asks Carole Anderson to admit that she knew Rand's attorney was concerned about his medical condition. The defendants responded: "Objection. This request calls for speculation and is outside the knowledge of the defendants." This request is deemed to be directed to Anderson only. It is not speculation for her to answer whether she knew that Rand's attorney was concerned about his medical condition, assuming that she understands which attorney and what time period is relevant. Therefore, Anderson shall provide an amended response that answers the question asked.

In many of the defendants' responses they refer to "emergent" and "non emergent" medical care, situations, or conditions. Presumably, the defendants mean "emergency," which is the term that is used in the copy of part of the Merrimack County Department of Corrections manual submitted by Rand. The defendants shall clarify their use of the terms "emergent" and "non emergent" in an amended response.

The defendants shall serve and file an amended response that complies with the requirements of the federal rules and this order **on or before December 19, 2005.**

## Conclusion

For the foregoing reasons, the plaintiff's motion (document no. 45) is granted in part and denied in part as is more fully explained in this order.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 6, 2005

cc:  James E. Rand, pro se
     John A. Curran, Esquire
     Michael A. Pignatelli, Esquire